UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

06 547

Mr. Mark Ives
No. 05594-070
F.C.I. Allenwood
P.O. Box 2000
White Deer, 17887

:

Criminal No. 05-03IT

Civil No. ________________

:

DAte 12/9/06

CLERK OF THE COURT
DAVID A. DIMARZIO, CLEK
JOHN O. PASTORE FED. BLDG.
2 EXCHANGE TERRANCE
PROVIDENCE, RI. 02903-1779

Dear Clerk:

My name is Mark Ives, I am a Pro-se Petitioner filing a 28 U.S.C. § 2255 Petition which was mailed on December 6, 2006 at the F.C.I. Allenwood Facility in White Deer, PA 17887 where I am presently being held pursuant to the direct issues presented in my petition for Writ of Habeas Corpus. Unfortunatly the mail room sent back my Petition which was due December 9th, 2006 due to insufficient Postage of 1.43 cents see front of [Original] envelope and the back of this same envelope which is dated by the Institution with thier stamp of the actual date received which was timely pursuant to Inmates:

> A notice of appeal is timely filed if deposited in the Institutions internal mail system on or before the last day for filing App. R. 4 (c),25(a).

Furthermore, according to the Mail Box Rule a inmates legal mail is considered mailed when it is handed to the prison authorities, See

 __/ Continued on next page

Houston v. Lack, 487 U.S. 266, 101 L Ed 2d 245, (1988); Fallen v. United States, 378 U.S. 139, 12 L.Ed 2d 760 (1964): Koch v. Pickets, 68 F. 3d 1191 (9th Cir. 1995).

This petitioner pray in the Interest of Justice that this Honorable Court except this Petiton Pursuant to 28 U.S.C. § 2255 because the inclosed facts were beyond the Petitoners control because the scale provided for the inmates to use inside the Law library is why off or broke and is not stating the proper postage causing timely mailed filings to be sent back for more postage.

Sincerly

Date 12/9/06

Mark Ives - Pro-se
No. 05594-070
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

AO 243 (Rev. 5/85) MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

SDNY Web 5/99

| United States District Court | District CA 06 547 T | |
|---|---|---|
| Name of Movant MARK IVES | Prisoner No. 05594-070 | Case No. CR-05-03IT |
| Place of Confinement F.C.I. ALLENWOOD, WHITE DEER, PA. 17887 | | |

UNITED STATES OF AMERICA V. MARK IVES

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack DISTRICT OF RHODE ISLAND

2. Date of judgment of conviction DECEMBER 9, 2005

3. Length of sentence 120 MONTHS 1DAY

4. Nature of offense involved (all counts) POSSESSION OF FIREARM
   POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE
   POSSESSION OF FIREARM IN FURTHERANCE OF DRUG CRIME

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty XX
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No XX

AO 243 (Rev. 5/85) SDNY Web 5/99

9. If you did appeal, answer the following:

(a) Name of court ______

(b) Result ______

(c) Date of result ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐ No ☒X

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ____________________

(6) Date of result ____________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

____________________
____________________
____________________
____________________
____________________
____________________
____________________
____________________
____________________
____________________
____________________
____________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

<u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: INEFFECTIVE ASSISTANCE OF COUNSEL; IMPROPER ADVICE LEADING TO GUILTY PLEA.

Supporting FACTS (state *briefly* without citing cases or law) UPON ADVICE FROM COUNSEL PETITIONER PLEAD GUILTY TO ALL COUNTS OF INDICTMENT, ONE OF WHICH HE IS ACTUALLY INNOCENT OF BY STATUTE.

B. Ground two: INEFFECTIVE ASSISTANCE OF COUNSEL, FAILURE TO FILE NOTICE OF APPEAL AS REQUESTED BY PETITIONER.

Supporting FACTS (state *briefly* without citing cases or law) UPON SENTENCING, PETITIONER HAVING BEEN INFORMED BY JUDGE HE HAD 10 DAYS IN WHICH TO FILE A NOTICE IMMEDIATLY ASKED COUNSEL TO FILE SAID NOTICE. AS OF THIS DATE NO NOTICE NOR APPEAL HAS BEEN FILED. COUNSEL DID NOT FILE ANDERS BRIEF TO JUSTIFY NOT FILING APPEAL EITHER.

C. Ground three: 

Supporting FACTS (state *briefly* without citing cases or law) 

D. Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law) ______

13. If any of the grounds listed in 12A, B, C, ~~and D were not~~ previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: PETITIONER HAS BEEN RELYING ON COUNSEL IN GOOD FAITH TO HANDLE ALL PORTIONS OF CASE UNTIL THIS FILING. COUNSEL HAS NOT RAISED ANY ISSUES AFTER SENTENCING TO MY KNOWLEDGE.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing EDWARD J.McENANEY, 454 BROADWAY PROVIDENCE, RI. 02909

(b) At arraignment and plea SAME AS ABOVE

(c) At trial ______

(d) At sentencing SAME AS ABOVE

AO 243 (Rev. 5/85) SDNY Web 5/99

(e) On appeal ______

(f) In any post-conviction proceeding ______

(g) On appeal from any adverse ruling in a post-conviction proceeding ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

______
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-06-06
(date)

[signature]
Signature of Movant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK IVES,<br>PETITIONER<br>V.<br>THE UNITED STATES OF AMERICA,<br>RESPONDANT | Cr. No. 05-03IT<br>CIVIL No. |

**EXCUSABLE ERROR**

Petitioner is layman at law, therefore relies upon an excusable error pro-se, pleading this court will hold his motions to less stringent standards than those pleadings drafted by learned attorneys pursuant to **Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 954 ( 1972 )** and cited in **Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173,176 ( 1980 )**.

Mark Ives Date 12-06-06

Mark Ives #05594-070
F.C.I. Allenwood
P.O. Box 2000 3/B
White Deer. PA.17887

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK IVES,<br>PETITIONER<br><br>V.<br><br>THE UNITED STATES OF AMERICA,<br>RESPONDANT | Cr. No. 05-03IT<br>CIVIL No. |

**MEMORANDUM IN SUPPORT OF MOTION**
**FILED PURSUANT TO TITLE 28 U.S.C. § 2255**

## INTRODUCTION

Now comes Mark Ives, pro-se. respectfully moves this Honorable Court by motion to vacate , set aside, or correct sentence on the following grounds;

1. The conviction was obtained and sentence imposed in violation of the Due Process Clause gauranteed by the Fifth Amendment.

2. The conviction was obtained and sentence imposed in violation of the Right to Effective Assistance of Counsel guaranteed by Sixth Amendment.

## JURISDICTION

The district Court has jurisdiction pursuant to Title 28 U.S.C. §2255;

a petitioner in custody under sentence of a court established by the act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose sentence,...is subject to collateral attack, may vacate, set aside, or correct the sentence, if the court finds the judgement was rendered without jurisdiction... or that there has been such denial or infringment of the Constitutional Rights of the prisoner as to render the judgement vulnerable to collateral attack, shall... discharge the prisoner or render such relief as may appear appropiate.

## STATEMENT OF THE CASE

On the 3rd day of March 2004, in the city of Providence R.I., the Providence police were called to the address of 108 Harriet st. as a result of a report of a man with a gun. Upon arrival, officers met with Kendrick Sears, who stated that the petitioner had pointed a sawed off shotgun at him and threatened to shoot him while they were located in the common stairway of 108 Harriet st.

A short while later petitioner's mother was asked to allow the first floor apt. of 108 Harriet st., which she shared with petitioner, to be searched by Providence police. To which she consented.

During a search of the petitioner's bedroom, police officers discovered a sawed-off shotgun and two plastic bags of what appeared to be marijuana.

Petitioner was later charged in the Federal District Court of Rhode Island in Providence, in a three count indictment; Count I being possession with intent to distribute marijuana in violation of Title 21 U.S.C. §841(a)(1) and (b)(1)(D). Count II, Possession of a short-barrelled shotgun in furtherance of a drug trafficking crime, in violation of Title 18 U.S.C. § 924(c)(1)(B)(i). Count III

possession of an unregistered sawed-off shotgun in violation of Title 26 U.S.C. § 5861(d) and 5871.

On the 7th day of July,2005 Petitioner, on advise from counsel, petitioner entered into a plea agreement with the United States Attorney's office, and was subsequently sentenced on December 9 , 2005, before Chief Judge Ernest C. Torres to a total term of 120 months and 1 day.

## REASONS FOR GRANTING RELIEF

Petitioner contends and will demonstrate through this memorandum that he has been denied Due Process as a result of Ineffective of Counsel which is guaranteed him by the Sixth Amendment of the United States Constitution, by and through advice given him by his attorney Edward J. McEnaney III. Counsel failed to research the charges properly thereby giving petitioner poor advice leading to a plea agreement to a charge in which petitioner may well have been innocent of, as well as his failure to file a timely notice of appeal.

Attorney McEnaney, hereafter known as counsel, provided Ineffective Assistance of Counsel by his lack of research into the circumstances as well as case law surrounding the counts of the indictment and the Statutes on which the charges rely. Having failed to properly research the basis for the indictment , spacifically count II of the indicment, counsel advised petitioner that the best course or strategy would be to plead guilty to all counts.

Had counsel properly researched the case at hand, he would have been aware that the mere presence of a firearm in the vacinity of drugs, does not represent " furtherance of" a drug offense by Statute.

The term furtherance as used in statute prohihiting possession

of a firearm in furtherance of a drug trafficking crime should be understood in its ordinary or natural meaning, which is a helping forward, advancement, or promotion."U.S. v. Mackey 265 F.3d 457,460 (6th Cir.2001) The government must show through facts which tie the defendant to the firearm as well as the fact that the firearm was loaded and that it assisted in some fashion to'further' a drug crime, mere possession near where drugs were found will not suffice. see also, U.S. v. Caballos-Torres 218 F3d 409(5th Cir.2000).

Petitioner will further demonstrate through this memorandum that he was rendered without Effective Assistance of Counsel as a result of counsel's failure to file a notice of appeal as requested by petitioner. Roe v. Flores-Ortega (2000) 528 U.S. 470, 145 L.E.d 2d 985, 120 S.Ct 1029.

Petitioner will demonstrate through this memorandum that he was rendered without Effective Assistance of Counsel as guaranteed him by the Sixth Amendment. Strickland v. Washington (1984)466 US 668, 80 LEd.2d 674, 104S.Ct. 2052.

## ARGUEMENT

**I. Ineffective Assistance of Counsel, advising defendant to plead to charge in which he may actually be innocent of by Statute.**

Petitioner was sentenced before the Honorable Chief Judge Ernest C. Torres, to a total term of 120 months and 1 day on a plea to a three count indictment. Count II of the indictment, petitioner contends he is actually innocent of. But for counsel's Ineffective Assistance, petitioner would chosen a different course of action to resolve this case.

Petitioner contends he is actually innocent of Count II 924(c)(1)(B)(i). For a defendant to be found guilty of this offense,"...the government must establish that possession of the firearm "furthered", advanced,or helped forward the drug trafficking offense..." see, U.S. v. Caballos-Torres 218 F3d 409,410,414-415 (5th Cir.2000). The possession may Further, advance, or help such an offense by protecting the drugs or money against robbery, preventing encroachment into a person's territory by rival dealers, providing a means to enforce payment for drug debts, or serving as a mechanism for retaliation. U.S. v. Luciano, 329 F3d 1,6(1st Cir.2003).

In the case before the court, petitioner was originally sought by the Providence police as a suspect in an asault. There were no drug sales nor an investigation into drug activity which led to the search of the petitioner's residence, and finding the firearm and marijauna . Finding the two in near proximity was mere happenstance.

The amount of marijuana found , though admittedly for distribution, by weight in no way represents a large drug which would need protecting nor would there be need to enforce payment for such small amounts of marijuana (13.5 grams). There were no quantities of money found on the person of nor at the residence of the petitioner. the only nexus is the mere fact that the firearm and the marijuana were found in near priximity of each other. This does not in itself describe "possession in furtherance of" as set forth in Luciano supra, and United States v. Garner 338 F3d 78,81(1st Cir.2003)..

Contrary to Caballos-Torres, there was no drug activity known in the area of the petitioners residence. In Caballos, during a search

involving a drug investigation there was a" 9mm Glock handgun lying in plian view on top of the bed. Caballos said that he owned the gun for personal protection. The agents took possession of the gun and found that it was loaded... the agents later obtained a warrant to search the apartment. During that search thay discovered 569.8 grams of cocaine and several empty Kilo wrappers in a hidden compartment of a closet. They also found $1,360. in cash..." In the case before the court, the petitioner was under investigation for an assualt not a drug investigation, there was no money found on the premises, no large quantity of drugs (13.5 grms.marijuana) and there was no ammunition found in the firearm or at the residence.

The government must clearly show that the firearm possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing this particualr mandatory sentence. Rather the government must illustrate through spacific facts, which tie the defendant to the firearm, that the firearm was readily available, loaded and that it in some way furthered the underlying offense. It is highly unlikely that a reasonably juror would find this to be the case. The fact that attorney McEnaney would advise his client to plead guilty to an offense in which he was more likely that not innocent of, in itself should be sufficient for this court to find in favor of the petitioner.

In the case before the court, there was certianly no drug investigation, nor was there any information that would indicate such activity was taking place at or near the petitioner's residence. The government had no evidence to indicate that the firearm was

connected to a drug offense but for the fact that the firearm was owned illegally and that it was found in same room as a small amount of marijuana. To the contrary, the Providence police were at the scene to investigate an assualt complaint. see exhibit "A". With this and only this, there was no basis for petitioner to plead guilty to count II of the indictment. An offense which literally raised his penalty from approx. 2yrs to a minimum of 10 years.

Petitioner recognizes that to succeed in his claim of Ineffective Assistance of Counsel, he must satisfy the two pronged test set forth in Strickland supra;

(1) A showing that counsel's performance was deficient, measured against a standard of "reasonably effective assistance";

(2) a showing that the deficient performance prejudiced the defendant by depriving " of a fair trial, a trial whose result is reliable."

Had counsel advised petitioner of the fact that the government must prove all or most of the afore mentioned elements of the " furtherance" aspect of the charge, it is more than likely the petitioner would have moved to continue on to trial. It is also more than likely that a reasonable juror would find the petitioner not guilty of the 924 (c) offense..

Had counsel proformed his job properly, by conducting research into all counts of the indictment, he would have and certianly should have advised his client of all options and inform him of the fact that the evidence does not support guilty plea, pursuant to plea bargian to charge of possession of firearm in furtherance of drug crime. Failing to to properly inform his client, counsel left

this petitioner without Effective Assistance of Counsel as gauranteed him by the Sixth Amendment.

Counsel should have informed petitioner that there were other options available. In fact on the 10th of May,2005, the government prepared a "Trial Memorandum" in which on page 4-5 explains exactly what the government must prove to establish "in furtherance" by statute. see Exhibit "B"

This document having been forwarded to counsel the same day, was never gone over or explained by counsel. In fact, petitioner was unaware this document until going through his personal fileand having it explained by a fellow inmate. It is counsel's duty to consult with his client on all aspects of the case to determine the best strategy. The ABA code of Professional Responsibility Connon;7 E C 7-8 reads as follows.

> " A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations. A lawyar ought to initiate this dicision making process if the client does not do so. Advice of a lawyer to his client need not be confined to purly legal considerations. A lawyer should advise his client of the possibility of each legal alternative...."

In the case before the court, counsel not only did not discuss these alternatives, he failed altogether to mention these spacific elements. In so doing, along with advice that petitioner's best option was to plead guilty, left this petitioner without Effective Assistance of counsel. As a result of this Ineffective Assistance,

petitioner was sentenced to an offense which carried a minimum sentence of 10 Years, rather than the recomended guideline sentence of 21 to 27 Months.

Petitioner contends that for purposes of Strickland, he has met the burdon of the first test. Counsel failed to meet the standards set out by the ABA Code of Responsibility for failing to inform his client of all options and relevant elements of the charges.

For purposes of the rule that a criminal defendant-in order to establish a showing of prejudice , a sentence of some 8years above the recomended guideline sentence should suffice to meet the rules set forth in Strickland. see also Glover v. United States 531 US 198, 148 LEd 2d 604, 121 S Ct 696.

Furthermore, there was no evidence to show the firearm in question was loaded, no investigation of drug activity, no large quantities of drugs or money and no testimoney to show there was any other nexus between the drug (13.5 grm marijuana) and the firearm. In effect, there was no evidence to support a guilty plea to such a large amount of time. U.S. v. Yednak 187 F.Supp.2d 419 (W.D.PA. 2002) "The gun's relationship to a crime should not be accidental." U.S. v. Loney 219 F3d 281,289 (3rd Cir 2000). see also Exhibit"A" (police reports).

The "in furtherance of " language at question is a recent addition to 18 USC §924. Congress added this phrase after the 1995 Supreme Court in Bailey v. United States 516 U.S.139, 116 S.Ct.501, 133 L.ed 2d 472. Previously the Statute applied only where a defendant possessed a firearm "...during and in relation to any...drug trafficing crime ...uses or carries...".18 USC §924(c)(1) ( West 1985).

The Bailey decision held that this language required the government to produce " evidence sufficient to show an active employment of the firearm...,a use that makes the firearm an operative factor in relation to the predicate offense." 516 U.S. at 143,116 S.Ct.501. Congress then amended the Statute to apply when when a defendant merely "possesses" a firearm "in furtherance of" a drug trafficing crime.see Act of Nov. 13 ,1998 Pub L.105-386§1(a)112 Stat.3469 (amending 18 USC §924) United States v. Timmons,283 F3d 1246 1252-53 (11th Cir.2002)(discribing legislative history)

Though the language was changed, it is still necessary for the government to prove a nexus between the firearm and the predicate offense to meet the"in furtherance" change in the language. see Caballos-Torres.

Through caonsels failure to adequately advise petitioner, this left him to understand that his only option and best course of action would be to plead guilty, when in fact he is actually innocent of count II "possession in furtherance of a drug trafficking crime" by the language of the Statute.

## II. Ineffective Assistance of Counsel, Failure to file Notice of Appeal/file Appeal

On December 9th 2005, nearing the end of the sentencing hearing Judge Ernest C. Torres informed this petitioner that he had a right to appeal the sentence . To do so he was told he must file a Notice of Appeal within 10 days.

Upon hearing this, and being dissatisfied with the non-guideline sentence, informed his counsel he wished to appeal. It was and still is his understanding that counsel had filed said notice as well as the Appeal.

As of the date of this filing, petitioner has neither heard from counsel nor The Court concerning the Appeal, as is left believing counsel either failed to file or chose not to do so.

Strickland v. Washington, 466 US 668,80 L.ed2d 674,104 S.Ct.2052 provides the framework for determining whether counsel's performance was Constitutionally Ineffective for the failure to file an Appeal,

Under Strickland, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness". id., at 668,80 L.ed 2d 674,104 S.Ct. 2052, and (2) that counsel's defecient performance prejudiced the defendant, id.,at 674, 80 L.ed 2d 674,104 S.Ct.2052.

(a) Courts must " judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."466 US ,at 690,80 L.ed 2d 674,104 S.Ct.2052, and [j]udicial scrutiny of counsel's performance must be highly deferencial; id,at, 689, 80Led 2d 674,104 S.Ct2052, A lawyer who disregards a defendant's sapcific instructions to file a notice of appeal acts in a professionally unreasonable manner. Roe v. Flores-Ortega 528 US 470,145 L.ed 2d 985,120 S.ct. 1029. citing Strickland and Rodriquez v.United States 395 US 327, 23 L.ed 2d 340, 104 S.Ct. 1715.

The Supreme Court has long held "...That a lawyer who disregards spacific instructions from the defendant to file a notice of appeal acts in a manner that is inreasonable" see Rodriquez, Peguero v.United States,526 US 23, 28,143 L.ed 2d 18, 119 S.Ct. 961 (1999). ([W]hen counsel fails to file a requested appeal a defendant is entitled to[a new]appeal without showing that his appeal would likely have had merit") this is so because a defendant who instructs counsel to initiate an appeal reasonalby relies upon counsel to file the

the necessary notice. Counsel's failure to do so cannot be considered a stratigic decision; filing a notice of appeal is purely ministerial task, and the failure to file reflects inattention to the defendant's wishes...Reo v.Flores-Ortega 528 US 470, 145 L.ed 2d 985, 995, 120 S.Ct. 1029.

Before sentencing, counsel objected to some things that were in the PSR, these being a three level adjustment in chapter 3 of the sentencing guidlines. There was also an objection that may or may not have been raised, (petitioner does not have complete files), however should have been raised. These being the possibility of a downward departure, as a result of booker, the court is not bound by the guidelines.

However, the issues raised by counsel and denied by the court could have conceivably been raised and arguebly won on appeal. It is counselor's duty to consult with the defendant whether or not to file an appeal, as well as to discuss the pros and cons of taking an appeal. " By consult the Court means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defenadnts wishes. Counsel who cunsults with the defendant performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions about an appeal". Roe v Flores-Ortega supra.

When counsel feels that defendant has either waived his right to appeal or the appeal would be frivolous, he is bound to file a notice if requested by defendant. " Even after defendant waives right to appeal, defense counsel who believes requested appeal would be frivolous is bound to file notice of appeal and submit Anders brief, and when counsel fails to do so, court will presume prejudice

and defendant will be entitled to direct appeal, without any showing on collateral review that his appeal will likely have merit". Campusano v. United States 442 F.3d 770 (2Cir.2006). Generally, attorneys who believe their client's appeal would be frivolous are required to file a brief in compliance with Anders v.California 366 U.S. 738,87 S.Ct.1396,18 L.ed 2d 493. Anders requires that counsel submit a brief to the court and to the defendant, requesting withdrawal but "referring to anything in the record that might arguably support the appeal.Campusano id at pg,774. qouting Anders.

In the case before the Court, there was no such breif filed. Had there been one filed petitioner would certianly have received a copy by mail. This has not happened. As stated previously petitioner has had no contact with counsel since sentencing, on the matter of taking an apeal, it was assumed that the appeal would be filed and petitioner would redceive a copy. This not having taken place, it can only be assumed that counsel failed to file a requested appeal.

In deciding whether the second Strickland prong has been satisfied, Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant." Flores-Ortega Id.at 485,120 S.Ct. 1029.Although nonfrivolous grounds may support a defendants claim,it "is unfair to require a...defendant to demonstrate that his hypothethical appeal might have merit" Id at 486,120 S.Ct 1029. A defendants inability to demonstrate potential merit " will not foreclose the possibility that he can satisfy the prejudice requirement. Id.

Here not only did the defendant want to appeal his sentence but he did in fact inform his counsel of this fact, and asked him to do so. Counsel never sonsulted with his client to determine what was to be appealed or when it was done. He simply walked away as if there was nothing more to do, leaving petitioner waiting and wondering what was to happen. If counsel felt there was no reason to appeal or that petitioner had no right to appeal he neither spoke to his client about it, nor filed any paoerwork to show this was the case. And failing to file a requested notice of appeal, followed by the appeal itself, or in the alternitive, file an Ander's brief, falls below the standards set forth in the A B A Model Code of Professional Responsibility. Connon E C 6-4 states; "Having undertaken representation, a lawyer should use proper care to safegard the interest of his client..." Surely his failure to file said notice and/or Anders brief meets the standards sef forth in both Strickland and Flores-Ortega.

## CONCLUSION

Wherefore, for the afore mentioned reasons set forth in this memorandum and those Rights quaranteed by the Fifth and Sixth Amendments of the United States Constitution, petitioner prays this court grant the following relief;

1. Vacate and set aside sentence as to count II as to which petitioner is actually innocent of by Statute,
2. Grant evidenciary hearing to determine whether petitioner is guilty,by Statute, of Count II of the indictment.

3. Grant petitioner opportunity to appeal sentence or, evidenciary hearing to determine if an appeal will be allowed to be taken,

4. Grant any other relief this Honorable court deems right and in the interest of justice.

Respectfully Submitted,

Date 12-06-06

Mark Ives # 05594-070

F.C.I. Allenwood
P.O. Box 2000 3/B
White Deer, PA. 17887

**AFFIDAVIT**

Under the penalty of purjury pursuant to 28 U.S.C. § 1746, I, hereby swear and certify that the foregoing information set forth in this motion and memorandum is true and correct to the best of my knowledge.

Executed on this 12 Day of December, 2006

Mark Ives

CA 06 547 T

# PROOF OF SERVICE

I certify that on DEC. 06-06 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

ROBERT CLARK CORRENTE U.S.ATTORNEY
FLEET CENTER
50 KENNEDY PLAZA
PROVIDENCE, RI 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 12-6-06 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

[signature]
Signature

Dated: 12-06-06

*Rev. 09/05*