# EXHIBIT "B"

United States v. Barnes, 890 F.2d 545, 549 (1st Cir. 1989); United States v. Edwards, 602 F.2d 458, 470 (1st Cir. 1979). Possession may be sole or joint. United States v. Zavala Maldonado, 23 F.3d 4, 6 (1st Cir. 1994). Constructive possession may be proved by either direct or circumstantial evidence. Barnes 890 F.2d at 549. To show constructive possession, the government must prove that the defendants had the power and intention at a given time to exercise dominion and control over the object, either directly or through others. United States v. Nieves-Burgos, 62 F.3d 431, 437-38 (1st Cir. 1995); United States v. Garcia, 983 F.2d 1160, 1164 (1st Cir. 1993). Knowledge of the item may be inferred by demonstrating dominion and control over the area where the contraband was found. United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); Barnes 890 F.2d at 549; United States v. Lochan, 674 F.2d 960, 966 (1st Cir. 1982).

B. In Furtherance of a Drug Trafficking Offense

The defendant may contest the government's allegation that he possessed the firearm in furtherance of a drug trafficking offense. In order to prove that element, the government must establish that the possession of the firearm furthered, advanced or helped forward the drug trafficking offense. United States v. Ceballos-Torres, 218 F.3d 409, 410, 414-15 (5th Cir. 2000). The possession may further, advance or help such an offense by protecting the drugs or money against robbery, preventing

encroachment into a person's territory by rival dealers, providing a means to enforce payment for drug debts, or serving as a mechanism for retaliation. United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003); United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003). Some factors that may help determine whether a particular defendant's possession of a firearm furthers, advances or helps forward the a drug trafficking offense include the type of drug activity that is being conducted, the accessibility of the firearm, the type of firearm, whether the firearm is loaded, the proximity of the firearm to the drugs, and the time and circumstances under which the gun is found. Ceballos-Torres, 218 F.3d at 414-15.

C. Knowledge Requirement Under 18 U.S.C. § 5861(d)

In order to satisfy the mens rea element of a violation of 18 U.S.C. § 5861(d), the government must prove that the defendant knew that the weapon he possessed had the characteristics that brought it within the statutory definition of a firearm. Rogers v. United States, 522 U.S. 252, 254-55 (1998). Such knowledge can be established by circumstantial, as well as direct, evidence and can be inferred from the fact that the shotgun's barrel length is observably shorter than the legal length. United States v. Rith, 164 F.3d 1323, 1337 (10th Cir. 1999). The government need not, however, prove that the defendant knew that his possession of the weapon was unlawful, or that the firearm