**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARK W. IVES** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 06-547T** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

# GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255

## I. INTRODUCTION

The Petitioner, Mark W. Ives (Ives), files this motion pursuant to 28 U.S.C. § 2255. In his motion, Ives claims his attorney at the time of the entry of his pleas and sentencing did not provide him with effective representation. Ives specifically alleges that he was not fully inform him about the elements of one of the offenses charged in the indictment and that his attorney failed to file a notice of appeal within ten days of petitioner’s sentencing.

The government contends that Ives’ claims are without merit. Therefore, the government requests that the motion be denied and dismissed.

## II. TRAVEL AND FACTS

On March 23, 2005, a federal grand jury in the District of Rhode Island returned a three-count indictment charging that on

March 3, 2004, Ives possessed marijuana with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), possessed a short barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i), and, possessed an unregistered sawed off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Ives subsequently appeared before the United States District Court on July 13, 2005 and, after having been advised of and acknowledging his understanding of the elements of all three charged offenses and the terms and conditions of the plea agreement signed by him on July 7, 2005, pled guilty to all three counts of the indictment. On October 14, 2005, the Court began the petitioner's sentencing hearing, but then continued the matter until December 9, 2005, in order to allow both parties time to submit memoranda on a guidelines related issue. After receiving and reviewing those memoranda and allowing counsel for both sides to present additional oral arguments to the Court, the Honorable Ernest C. Torres, on December 9, 2005, decided the guidelines issue in a manner favorable to the petitioner's position and sentenced Ives to one day of incarceration on both Counts I and III and ten years consecutive incarceration on Count II. Neither Ives, nor anyone on his behalf, filed an appeal of the sentences imposed by the Court.

## III. THE LAW OF SECTION 2255 MOTIONS

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal.

The standard of review of a § 2255 motion for alleged trial errors to which no contemporaneous objection was made is not the plain error standard, but the cause and actual prejudice standard. Frady, 456 U.S. at 166-67. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Section 2255 provides that the Court, after receiving said motion, should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 of the Rules Governing Proceedings in the United States District Courts Under § 2255 provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the District Court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The

burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

The First Circuit has stated that no hearing is required where the § 2255 motion: "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989). A District Judge's personal observation and recollection of the events may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978). In considering a motion under § 2255, the District Court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's burden is by the preponderance of the evidence.

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review," United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999) and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001). Where, as here, the focus of the ineffective assistance claim is defense counsel's performance during the plea process, the prejudice requirement should be focused on whether counsel's constitutionally defective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 57, 59 (1985). The petitioner, therefore, must show that, but for defense counsel's errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Id.

V. ISSUES

1. Understanding the Elements of the Offense

Ives complains that his attorney failed to adequately research and/or fully explain to him the elements of the offense charged in Count II of the indictment. If, in fact, the petitioner did plead guilty to this crime without having been informed of the elements, the plea would be invalid and should be vacated. Bradshaw v. Stumpf, 545 U.S. 175, 182-83 (2005). That, however, was not the situation here. Rather, the defendant's own sworn statements clearly establish that, prior to the entry of

his guilty pleas, he was both informed and well aware of the elements of all three of offenses charged in the indictment.

During the course of the change of plea hearing on July 13, 2005, the prosecutor listed aloud in the petitioner's presence the elements of the offense in question (plea transcript @ p. 3). Ives subsequently, while under oath and in response to a series of questions from the Court, stated that he had received a copy of the indictment and reviewed it with his attorney (plea transcript @ p. 11). He further affirmed that his attorney had explained the charges against him, including the things that the government would have had to prove in order to convict him of the pending charges (plea transcript @ pp. 11-12). Additionally, Ives acknowledged that he had heard the prosecutor's recitation of the elements and understood both the nature of the charges against him and what the government would have to prove in order to convict him (plea transcript @ p. 12). Finally, and maybe most significantly, when asked by the Court if he still wished to plead guilty after having "heard everything that you've been told about the nature of the charges" and "the things the government would have to prove in order to convict you," the defendant responded in the affirmative (plea transcript @ p. 21).

2. <u>Failure to File Notice of Appeal</u>

Ives also complains that despite his instructions to the contrary, his attorney failed to file a timely notice of appeal

with the District Court. If, in fact, the petitioner did instruct his attorney to file a notice of appeal and the attorney failed to comply with that request, the petitioner would be entitled to some relief, that is the reinstatement of his right to appeal. Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000); Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001). Of course, the appropriate remedy in that situation would not include vacating the petitioner's guilty pleas. Rather, the Court would only be required to allow the appeal period to begin anew, which would be accomplished by granting the petitioner's motion and then re-sentencing him. Williams v. United States, 402 F.2d 548, 552 (8th Cir. 1968).

Ives allegation that he instructed his attorney to pursue an appeal, however, seems to be contradicted by the fact that he had waived his appellate rights as part of a written plea agreement signed by Ives on July 7, 2005, one week before the entry of his guilty pleas. Ives further acknowledged his full understanding of that waiver, as well as the other terms and conditions of the plea agreement, during the plea colloquy on July 13, 2005 (plea transcript @ p. 12-13). Pursuant to the terms of that waiver, Ives forfeited his right to file a direct appeal as long as the Court imposed a sentence within or below the guideline range, which was exactly what happened in the instant case.

## VI. CONCLUSION

The United States therefore requests that the petitioner's motion be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 1st_day of February 2007, I served a copy of the within Government's Response by postage prepaid mail to:

Mark Ives
Prisoner No. 05594-070
Federal Correctional Institution, Allenwood
P.O. Box 2000 3/B
White Deer, PA 17887

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov