IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Mark W. Ives | : | |
| v. | : | C.A. No. 06-054TT |
| United States of America | : | |

**Reply to Goverment's Response**

Petitioner, Mark W. Ives, on 12-06, filed a motion pursuant to 28 USC 2255 asserting his attorney at the time of Plea and sentencing failed to provide effective assistance of counsel. Petitioner specifically claimed that his attorney did not fully inform him about the elements needed to be found guilty of Count II of the indictment, possession in furtherance of a short barrelled shotgun in furtherance of drug trafficking crime 18 U.S.C. §924(c)(1)(B)(i). Further, that his attorney failed to file a notice of appeal and subsequently an appeal as requested by the petitioner at the time of sentencing.

Government's Response

The govenment in it's response asks the court for a summary dismissal on the ground that; 1) The defendant was questioned during a Rule 11 colloquey as to whether he understood the charges to which he was pleading, In addition to question of whether his attorney had explained the charges and what the government would have to prove to obtain a conviction; 2) That the petitioner had no right to request an appeal, having given up that right by entering the plea aggrement including the stipulations listed on page 7 at 13 which states,

"Defendant hereby waives Defendant's right to file a direct appeal if the sentence imposed by the Court is within the guideline range determined by the court or lower.

## Reply

Petitioner asserts that he was misinformed by his attorney as to whether the elements of Count II of the indictment could be satisfied by statute. As stated in the motion, petitioner believes he is actually innocent of the offense entirely. All elements of the offense were not and could not be met by the government. The firearm was not loaded nor could the government prove the "in furtherance" aspect of the offense as specified in U.S. v. Mackey 265 F.3d 457, 460 (6th Cir. 2001), U.S. v Coballos-Torres 218 F.3d 409 (5th Cir. 2000).

Had petitioner's attorney fully investigated the offense charged including case law, this would have been, as it should have been explained prior to his plea. Attorney McEnaney failed to follow the basic duties of a lawyer in accordance with the ABA code of Professional Responsibilities. Cannon; 7 EC 7-8, which states, in part, "A lawyer should exert his best efforts to ensure that decisions of his client are made only after the client has been informed of relevent considerations... Advice of a lawyer to his client need not be confined to purely legal considerations. A lawyer should advise his client of the possibility of each legal alternative..." By counsel's failure to do any research into the offense, i.e; read previous cases to determine if all elements of the offense could be met at trial, he poorly and ineffectively advised his client that he would have no choice but to plead guilty.

Attorney McEnaney also advised his client that he would be sentenced to the lower guideline range as would be established by Count I and II of the indictment which would leave him in a guideline range established by an offense level of 18 minus Acceptance of Responsibility adjustment of -3 and a total Criminal History Category of II which would leave a sentencing range of 21 to 27 months. It wasn't until the Rule 11 collouqy that petitioner became aware of the minimum mandatory sentence of Count II. Having been advised by Counsel he had no choice but to plead. Petitioner accepted the plea after having had the sentence explained at the plea hearing and continued on to sentencing.

Petitioner's Counsel, prior to the plea hearing and afterwards, was under the impression that the elements of the offense could be met by the government. This is not so, as stated above, the firearm was not loaded nor was there any drug investigation. The reason for the search was strictly for the purpose of finding the firearm used in the alleged assault. It is mere happenstance that marijuana was found as well as the firearm. The two found in near vacinity of each other. U.S. v. Mackey 265 F.3d 457,460 (6th Cir.2001). See also; U.S. v. Caballes-Torres 218 F.3d 409 (5th 2000), U.S. v. Luciano, 329 F.3d 78,81 (1st Cir.2003).

Under our Federal system, the courts are to decide how to enterpret the laws made by Congress. It would be inconsistant with the doctrinal underpinning of habeas review to preclude petitioner from relying on our decisions in Brady in support of his claim that his guilty pleas was constitutionally invalid. Bousley v. US. (1998)

523 US 614, 140 L.Ed 2d 828, 839, 118 S.Ct 1604. In the case before the court, petitioner relied on advice from counsel in determining whehter or not to plead guilty, by counsel's advice it was felt at the time that there would be no reason to take the case to trial, however, the sentence was not within the guideline range as was to to be expected. Counsel failed to inform petitioner of the effect of the minumum manditory sentence required by Count II of the indictment which was the reason for requesting an appeal.

Petitioner is presently arguing not that his plea was involuntary as a result of coercion but, rather that as a result of ineffective counsel. It was not intelligent because the information provided him by counsel at the time of the plea was erroneous. Normally, this type of claim can be and should be addressed on direct review, however, petitioner has been denied that by counsel's failure to file notice of appeal.

Where a defendant has procedurally defaulted a claim by failling to raise it on direct review, the claim may be raised in habeas, only, if the defendant can first demonsrate either "Cause" and actual "prejudice", Murray v. Carrier, 477 US 478, 485, 91 L.Ed 2d 397, 106 S. Ct. 2639(1986); Wainwright v. Sykes, 433 US 72,87, 53 L.Ed 2d 594, 97 S.Ct. 2497(1977), or that hs is "Actually innocent". Murray, supra, at 496, 91 L.Ed2d 397, 106 S.Ct. 2639; Smitth v Murray, 477 US 527, 537, 91 L.Ed 2d 434 106 S.Ct 2661 (1986).

In the instant case petitioner has stated clearly that he is actually innocent of Count II of the indictment and presented exhibits to demonstrate that his claim is viable. In accordance with Supreme Court rulings in cases such as those stated above, as well as in,

Schlup v Delo 513 US 298. 130 L.Ed 2d 808, 115 S. Ct 851(1995). Where the Court stated; to establish actual innocence, petitioner must demonstrate that, "'in light of all the evidence'" " It is more likely than not that no reasonable jurror would have convicted him", Schlup supra, 513 US 298, 327-528, 130 L.Ed 2d 808 115 S.Ct 851 (1995).

Arguably, petitioner signed a plea agreement which has, as a stipulation, that "Defendant hereby waives defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower."

However, due to the minimum mandatory sentence imposed as a result of Count II, Title 18 U.S.C §924(c)(1)(B)(i).; The sentence imposed was outside the guideline Range and would, therefore, be appealable in accordance with the plea agreement.

Furthermore, it is commom knowledge that a claim of actual innocence is recognized to be available to a prisoner at anytime during or after the proceedings.

## Conclusion

Wherefore, for the above stated reasons as well as in the interest of justice and those Constitutional Rights guaranteed by the Fifth and Sixth Amendments, Petitioner prays this Honorable Court grant relief as set forth in the original motion, or in the alternative, grant an Evidentuary Hearing to determine such facts as needed to determine whether the petition shall go forward.

**Date** ____________________

Mark W. Ives #05594-070

**Affidavit**

Under the penalty of purjury pursuant to 28 U.S.C §1746, I, hereby swear and certify that the foregoing information set forth in this document is true and correct to the best of my knowledge.

Executed on this 2nd day of March, 2007

Mark W. Ives

# PROOF OF SERVICE

I certify that on MARCH 2,2007 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

STEVEN G. DAMBRUCH , ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
50 KENNEDY PLAZA, 8th FLOOR
PROVIDENCE, RI. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 3-2-2007 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

[signature]
Signature

Dated: 2-2007