IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MARK W. IVES,
Petitioner.

Case No: 06-547T

v.

UNITED STATES OF AMERICA,
Respondent.

PETITIONER'S PRO SE MOTION SEEKING LEAVE

TO AMEND AND/OR SUPPLEMENT HIS PENDING HABEAS CORPUS

MOTION PURSUANT TO 28 U.S.C. § 2255

NOW COMES, the petitioner, appearing pro se in the above matter, respectfully requesting that the Honorable Court grant this, his Motion Seeking Leave to Amend and/or Supplement his pending Habeas Corpus Motion and would show the Court as follows:

## BACKGROUND

The petitioner initially filed his motion pursuant to § 2255 claiming that his attorney at the time of entry of his pleas and sentencing did not provide him with effective representation. The petitioner specifically alleges that he was not fully informed him about the elements of one of the offenses charged in the indictment and that his attorney failed to file a notice of appeal within ten days of petitioner's sentencing.

The Government filed a Response to the petitioner's § 2255 motion on February 1, 2007. The petitioner filed a Reply to the Government's

Response on approximately 10 February **2007.**

## ISSUE I.

## THE COURT ERRED IN ACCEPTING THE GUILTY PLEA TO THE § 924(c) COUNT BECAUSE THERE WAS NO 'FACTUAL BASIS' FOR THE GUN CHARGE DUE TO THE PETITIONER BEING ACTUALLY INNOCENT OF VIOLATING THE STATUTE.

The petitioner contends that there was no factual basis for the § 924(c) gun count; therefore, the plea should not have been accepted as to the gun count due to the clear fact that the petitioner is 'actually innocent' of the §924(c) charge. The evidence was insufficient to show "use of firearm by defendant for purposes of the statute prohibiting use of firearm during and in relation to drug trafficking crime. Conviction for carrying firearm during and in relation to drug trafficking crime requires proof beyond a reasonable doubt that defendant committed drug trafficking crime, knowingly carried firearm, and did so during and in relation to drug trafficking crime. 18 U.S.C.A. § 924(c)(1).

In the instant case, the record clearly displays that the petitioner's did not **carry** or **use** a weapon 'in relation to a drug trafficking crime' and the reason for the law enforcement's presence in the first instance was due to a complaint in relation to the weapon being pointed and someone being threatened; therefore, there was no probable cause for search of the residence in the first instance being that the 'alleged crime' did not take place there, and mere presence of a weapon without more does not satisfy 'violation' of the statute. The petitioner never 'used' or 'carried' a weapon with drugs nor was there any proof or allegation of such which is necessary to satisfy/violate § 924(c).

### FACTUAL BASIS

The petitioner further contends that because of the importance of

protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. In this case, the evidence against the petitioner does not 'negate' the petitioner's claim of innocence in addition to the fact that the evidence was not overwhelming. See United States v. Manning, 79 F.3d 212 (1st Cir. 1996); see also North Carolina v. Alford, 400 US 25, 27 L.Ed.2d 162 (1970); 449 F.2d 146,(1st Cir. 1971). The validity of the § 924(c) count can be seriously questioned and the petitioner feels that he was coerced into accepting the plea to the gun count, although he is actually innocent pursuant to statute. It is clear that the petitioner did not fully understand the charges against him with regards to the 'in furtherance' requirement and the defense counsel induced the plea to § 924(c); therefore, the petitioner should be allowed to plead anew and the weapons count should be vacated pursuant to Bailey v. United States, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); see also McCarthy v. United States, supra at 466-467, 22 L.Ed.2d at 425(1969

**WHEREFORE**, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request the Honorable Court Vacate his § 924(c) conviction.

Respectfully,

Mark Ives

Date: 13 Sept. 2007

Mark Ives-Pro Se'

# PROOF OF SERVICE

I certify that on SEPT 13,2007 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

STEVEN G. DAMBRUCH , ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
50 KENNEDY PLAZA, 8th FLOOR
PROVIDENCE, RI. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 9-12-2007 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

[signature]
Signature

Dated: 9-13-07

*Rev. 09/05*