**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARK W. IVES** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 06-547T** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S PRO SE MOTION SEEKING LEAVE TO SUPPLEMENT HIS PENDING HABEAS CORPUS MOTION PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

The Petitioner, Mark W. Ives (Ives), filed a motion to amend and/or supplement his original § 2255 petition. In this supplemental filing, Ives claims that there was an insufficient factual basis to support his guilty plea to the charge of possessing a firearm in furtherance of a drug trafficking offense.

The government contends that Ives' claims in both his original and supplemental filings are without merit. Therefore, the government requests that the petition be denied and dismissed.

## II. ARGUMENT

Ives now complains that no factual basis existed for the offense charged in Count II of the indictment. In support of that allegation, petitioner points to the fact that there was no

evidence or information presented to the Court establishing that he carried or used the firearm that is the subject matter of that second count. That argument is, however, fatally flawed by the fact that the indictment did not charge the defendant with carrying or using the firearm. Rather, the indictment alleged that Ives possessed the firearm in furtherance of a drug trafficking offense. Therefore, with regard to that one element of the offense, it was only necessary for the Court to find a sufficient factual basis that the defendant simply possessed (actually or constructively) the firearm in question, not that he carried or used it.

During the course of the change of plea hearing on July 13, 2005, the prosecutor read aloud before the Court and the petitioner a summary of the facts of the case, which included more than sufficient facts to support the conclusion that the defendant actually or constructively possessed the firearm. Furthermore, at the conclusion of that recitation, Ives acknowledged the truthfulness of those facts and his desire to plead guilty to the two charges set forth in the indictment (Plea transcript at pp. 18 to 21). The Court, thereafter, correctly found that there was a sufficient factual basis for the petitioner's plea based upon the facts set forth in the prosecutor's summary of the facts (Plea transcript at p. 22).

## III. CONCLUSION

The United States therefore requests that the petitioner’s original and supplemental motion be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2007, I served a copy of the within Government's Response by postage prepaid mail to:

Mark Ives
Prisoner No. 05594-070
Federal Correctional Institution, Allenwood
P.O. Box 2000 3/B
White Deer, PA 17887

/s/ Stephen G. Dambruch
Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov