IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MARK W. IVES

v. Case No: 06-547T

UNITED STATES OF AMERICA,
Respondent.

**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

**NOW COMES**, the petitioner, appearing pro se in the above matter, respectfully requesting that the Honorable Court grant this, his Reply in Opposition to the Government's Response, and would show the Court as follows:

**INTRODUCTION**

The Petitioner, Mark W. Ives, filed a motion to amend and/or supplement his original § 2255 petition. In this supplemental filing, the petitioner claimed that there was an insufficient factual basis to support his guilty plea to the charge of possessing a firearm in furtherance of a drug trafficking offense and there was no reasonable suspicion or probable cause to warrant a search of the residence.

The government now contends that the petitioner's § 2255 issues are without merit ; therefore, the petitioner will respond with the following reply.

**THE GOVERNMENT'S INTERPRETATION OF THE 'IN RELATION TO' AND 'IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE' IS IN ERROR, AND THE LANGUAGE IN THE STATUTE MAKES CLEAR THAT THE FIREARM MUST FACILITATE OR HAVE THE POTENTIAL OF FACILITATING, THE DRUG TRAFFICKING OFFENSE**

The petitioner contends that although a gun was found in his residence, he cannot be convicted of the charged offense based upon the totality of the circumstances and pursuant to the language in the statute. The Government must show that there was evidence that the gun furthered, promoted or advanced illegal drug activity, that the defendant ever kept the gun accessible when conducting drug transactions. 18 U.S.C.A. § 924(c).

In the instant matter, the petitioner was not being sought by any law enforcement entity or investigated for any illegal drug activity in the first instance; therefore, there is no factual basis for the plea or the initial charge, which was based upon a call in relation to an alleged assualt, which had nothing to do with any drug transaction or activity. There was never any evidence that there were drugs and guns ever kept in the same place or knowledge of any previous drug trafficking. See United States v. IIland, 254 F.3d 1264 (10th cir. 2001)

The language in § 924(c) prohibits use or possession of a firearm **in connection with** crimes of violence and drug trafficking crimes. The petitioner is being convicted under the statute's 'possession' prong, but this prong must be based upon evidence that **he was involved in drug trafficking and owned a gun.** The evidence was clearly induffiecient to show that the petitioner in this case possessed the firearm 'in furtherance of a drug trafficking crime.' The petitioner would like to take this opportunity to ask the Court, "What crime was the petitioner's possession of the fire-

arm ' in furtherance ' of?" The U.S. Supreme Court in Smith v. United States, 508 US. at 237, 113 S. Ct. 2050, stated that the phrase 'in relation to" at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presnce or involvement cannot be the result of accident or **coincidence.**" As the Court pointed out in Smith and Bailey, the former section § 924(c) was not intended to punish possession alone. See id; see also Bailey, 516 U.S. at 143, 116 S. Ct. 501.

The Government must clearly show that a firearm was possessed to advance or promoted the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing this particular mandatory sentence. Rather, the the Government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity. H.R. Rep. No. 105-344, 1997 W. 668339, at 9 (1997) (emphasis added). Significantly, the House report also states Congress' view that the "in furtherance of" requirement that accompanies "possession" "is a slightly higher standard" than the "during and in relation to" standard set out in the "use" and "carry" prongs, and therefore, "encompasses the 'during and in relation to' language." Thus, if the facts do not establish that a firearm was possessed "during and in relation to" a drug crime, they won't satisfy the more stringent "in furtherance of" language.

**WHEREFORE,** for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that the Honorable Court grant the relief requested or the relief deemed necessary.

Respectfully,

Date: 22 Oct. 2007

__________ Pro Se'
Mark W. Ives

# PROOF OF SERVICE

I certify that on SEPT 13,2007 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

STEVEN G. DAMBRUCH , ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
50 KENNEDY PLAZA, 8th FLOOR
PROVIDENCE, RI. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 9-12-2007 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Mark Ives
Signature

Dated: 9-13-07