**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARK W. IVES** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 06-547T** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

# GOVERNMENT'S SUPPLEMENTAL RESPONSE TO PETITIONER'S MOTION TO VACATE HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255

## I. INTRODUCTION

The Petitioner, Mark W. Ives (Ives), filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In that motion, Ives alleged, among other things, that his attorney was ineffective when he failed to file a notice of appeal at Ives' behest.

The Court has now scheduled this matter for hearing on August 13, 2008. The Court also asked the parties to file in advance of that hearing memoranda addressing several issues outlined by the Court in its Order dated May 20, 2008.

## II. TRAVEL AND FACTS

On July 7, 2005, Ives and his attorney signed a plea agreement with the government. That document, which was subsequently signed by representatives of the government and filed with the Court on July 8, 2005, contained a provision

whereby Ives waived his “right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower.”

On July 13, 2005, during Ives’ change of plea hearing, the prosecutor specifically mentioned the appeal waiver provision in his summary of the terms and conditions of the plea agreement (plea transcript at p. 8). Following that summary, Ives’ attorney, in response to a question from the Court and in the presence of Ives, agreed that the prosecutor’s summary of the plea agreement was accurate (plea transcript at p. 8). Furthermore, Ives himself confirmed for the Court that he had read the proposed plea agreement, discussed it with his attorney, understood its terms and signed the document (plea transcript at pp. 12-13). Ives also acknowledged that the document accurately described his agreement with the government (plea transcript at p. 13).

At Ives’ sentencing hearing on December 9, 2005, the Court determined that the guideline range for Counts I and III of the indictment was zero to six months. The Court then sentenced the defendant to one day of incarceration for those two counts, which was within that guideline range. The Court also sentenced the defendant to an additional ten years consecutive on Count II, which was the minimum mandatory sentence required by statute (see 18 U.S.C. § 924(c)(1)(B)) and also the guideline sentence for

that particular offense (see U.S. Sentencing Guidelines Manual § 2K2.4 (2004)). Neither Ives, nor anyone on his behalf, filed an appeal of the sentences imposed by the Court.

## III. ARGUMENT

Ives signed a written plea agreement that included a waiver of his right to appeal. The waiver language used in that agreement clearly states the terms and scope of the waiver and is broad enough to bar any appeal challenging the sentencing Court's application of the guidelines. United States v. Chandler, ___ F.3d ___, 2008 WL 2780632 (1st Cir. 2008). Although the Court's failure to specifically address the appellate waiver with Ives during his change of plea hearing could invalidate that waiver, it may still be enforceable if the Court finds that, notwithstanding the absence of that particularized inquiry, Ives understood the full significance of the waiver. United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).

Here, the prosecutor did specifically mention the appellate waiver provision of the plea agreement while providing a verbal summary of that document to the Court in the Ives' presence during the change of plea hearing (plea transcript at p. 8). Shortly after the prosecutor's recitation of that summary, Ives informed the Court that his attorney explained the contents and the significance of the plea agreement to him (plea transcript at

p. 12). He further assured the Court that he had read the document, understood the contents and then voluntarily signed it (plea transcript at pp. 12-13). Based upon that record of the change of plea hearing, the Court could find that Ives did, in fact, understand the full significance of all of the provisions of the plea agreement, including the appellate waiver, thereby making the waiver provision enforceable against Ives.

If the Court does not find the appellate waiver provision of the plea agreement to be enforceable, and therefore a bar to granting Ives the relief he requests in the instant petition, then the Court must determine whether Ives actually directed his attorney in a timely manner to file a notice of appeal following his sentencing. Ives has asserted in his post conviction filings with the court that he did so direct defense counsel to do just that, but the burden is now upon him to produce some evidence of that fact. The government also suggests to the Court that this factual inquiry would also be assisted by the presence of and possible sworn testimony from the attorney who represented Ives at the time of the sentencing. In furtherance of that suggestion, the government requests that the Court issue a notice to that attorney directing him to appear before the Court at the date and time of the hearing on Ives' motion.

In the event that the Court determines that the appellate waiver is unenforceable and that the evidence presented at the

hearing proves that Ives' attorney did fail to file a notice of appeal as requested by his client, then the Court must vacate the original sentence and re-sentence Ives. Roe v. Flores-Ortega, 528 U.S. 482, 483-486 (2000); Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001). As to whether the Court should simply reimpose the same sentence or conduct a de novo sentencing hearing, the reimposition of the original sentence would in and of itself remedy the constitutional defect resulting from predecessor counsel's failure to file the notice of appeal. Therefore, the Court need not reexamine its previous sentence. United States v. Torres-Otero, 232 F.3d 24, 30-31 (1st Cir. 2000). However, the Court does have the authority, if it deems appropriate, to sentence Ives afresh and impose a different sentence. United States v. Maldonado, 242 F.3d 1, 4 (1st Cir. 2001).

Based upon the fact that the Court previously made guideline determinations favorable to Ives, imposed a sentence on two of the counts at the low end of the guideline range, and sentenced the defendant on the third count to the minimum mandatory sentence required by statute, the interests of justice do not seem to require the Court to reexamine its previous sentence and/or impose a different sentence. Therefore, the Court should simply vacate Ives' first sentence and immediately reimpose that very same sentence.

With regard to the procedural issues that might arise if the Court decided to conduct a full-blown re-sentencing, the government believes that, absent a breach by Ives, it would still be bound by the provisions of the plea agreement. Furthermore, based upon the nature of the charges, the specific facts of the instant case, and the fact that the Court previously sentenced Ives at a point in time when the sentencing guidelines were only advisory, it does not appear that any intervening decisions by the United States Supreme Court and/or the First Circuit Court of Appeals regarding the application of the guidelines would have any practical effect on the ultimate sentence.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2008, I served a copy of the within Government's Supplemental Response upon Edward C. Roy, Esquire, Assistant Federal Defender, by way of the Electronic Case Filing system.

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov