# United States Court of Appeals
## For the First Circuit

RECEIVED
AUG - 4 2008
U.S. ATTORNEY
DISTRICT OF R.I.

No. 07-1247

UNITED STATES,

Appellee,

v.

JOSHUA COLE,

Defendant, Appellant.

Before

Lynch, Chief Judge,
Boudin, Circuit Judge,
and Stahl, Senior Circuit Judge.

JUDGMENT

Entered: August 1, 2008

In a Judgment dated November 14, 2007, this court granted the government's motion for summary disposition and summarily affirmed appellant Joshua Cole's guideline sentence for a crack cocaine offense. In doing so, we bypassed the other appellate issue--whether Cole had voluntarily waived his right to appeal his guideline sentence in his plea agreement. On January 22, 2008, the Supreme Court granted Cole's petition for a writ of certiorari, vacated our Judgment, and remanded the case to us for further consideration in light of Kimbrough v. United States, 552 U.S. --, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

On reconsideration, it is apparent that summary affirmance of the sentence may no longer be appropriate in light of Kimbrough. Accordingly, we now turn to the appeal waiver issue that we

cc: SRB ✓ LIONS

previously bypassed. We enforce the appeal waiver because Cole waived his right to appeal his guideline sentence. (We note that Cole is presently pursuing a 18 U.S.C. §3582(c)(2) motion to reduce his sentence in the district court which is based on the recent retroactive amendment of the crack cocaine guidelines.)

In his plea agreement, Cole waived his right to file a direct appeal "if the sentence imposed by the Court is within the guideline range determined by the Court or lower." The district court later imposed a sentence within the guideline range, triggering his appeal waiver. In his appellate brief, Cole argues that his appeal waiver was involuntary. He premises his claim on two deviations from Fed. R. Crim. P. 11(b)(1)(N) that occurred at his plea hearing: (1) the court did not personally inform him of his appeal waiver, and (2) it failed to determine that he understood his appeal waiver. Cole made no objection at his plea hearing, so we review for plain error. See United States v. Borrero, No. 06-2655 (1st Cir. July 10, 2008), slip op. at 2 (concluding that Supreme Court case law requires that unpreserved Rule 11(b)(1)(N) errors be reviewed under the plain error standard) (discussing United States v. Dominguez Benitez, 542 U.S. 74 (2004), and United States v. Vonn, 535 U.S. 55 (2002)).

On this record, Cole cannot satisfy the plain error standard. At the invitation of the district court, the government described the appeal waiver at the plea hearing, which was the functional equivalent of having the court inform Cole of the waiver. In addition, the appeal waiver was clearly delineated in the plea agreement that Cole signed. Under oath, Cole confirmed at his plea hearing that before signing the agreement, he had reviewed and discussed it with his attorney, who had also answered his questions. Cole further stated that he felt he understood the plea agreement. See Borrero, slip op. at 10-11, 13 (rejecting plain error claim in part based on a similar record). Finally, given the strength of the government's case and the fact that Cole eliminated his exposure to significantly higher sentences by pleading guilty, there is no "reasonable probability" that he would not have pled guilty if he had known that the prosecutor and not the court would inform him of his appeal waiver at the plea hearing and that the court would not determine that he had understood his appeal waiver. Id. at 2 (requiring such a showing in cases of unpreserved Rule 11(b)(1)(N) error); id. at 12 (stating, where the government's case was strong and the defendant had "compelling" sentencing reasons to plead guilty, that "it is hard to see how the omission of the appellate waiver warning from the bench had any effect on his decision to plead guilty") (involving a plea hearing in which no mention at all was made of the appeal waiver).

Affirmed. See 1st Cir. Loc. R. 27.0(c).

By the Court:

/s/ Richard Cushing Donovan, Clerk.

[cc: James Michael Fox, Donald Lockhart, Sandra Beckner]