UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK W. IVES

v.                                              C.A. No. 06-547T

UNITED STATES OF AMERICA

### ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

Mark W. Ives ("Ives") has filed a Motion for Certificate of Appealability ("COA") with respect to this Court's Order dismissing his petition for writ of habeas corpus. For the reasons hereinafter stated, the motion is denied.

#### Background

On July 8, 2005, Ives pled guilty to all three counts in an indictment charging him with possessing marijuana with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D)(Count I); possessing a short-barreled shotgun in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(B)(i)(Count II); and possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count III).

In exchange for Ives' guilty plea and his agreement to waive his right to appeal if his sentence was within or below the

1

applicable guideline range determined by the Court, the government agreed to recommend a sentence at the lowest end of that range.

The Presentence Report ("PSR") calculated Ives' guideline range with respect to Counts I and III as 21 to 27 months but 18 U.S.C. § 924(c)(1)(B)(i) provided for a ten year mandatory minimum sentence on Count II and required that it be made to run consecutively to the sentences imposed on Counts I and III. Ives' plea agreement specifically referred to the mandatory ten year consecutive sentence and it was clearly explained to him by the Court during the plea colloquy.

Ives did not object to the PSR but, at the initial sentencing hearing on October 14, 2005, this Court, sua sponte, questioned whether taking Ives' possession of the firearm into account for purposes of both the Count III offense and for purposes of triggering the mandatory minimum under Count II amounted to double counting. Accordingly, the Court continued sentencing in order to afford counsel opportunity to file memoranda on that issue.

At the reconvened sentencing hearing on December 9, 2005, this Court determined that, although there was no double counting, sentencing Ives to more than the ten year minimum required under Count II would be inconsistent with the provisions of 18 U.S.C. § 3553. Therefore, the Court sentenced Ives to one day on Counts I and III, followed by a ten year consecutive sentence on Count II. Neither party appealed.

## The Section 2255 Motion

In his Section 2255 motion, Ives claims that his counsel was ineffective in (1) failing to advise him that the evidence was insufficient to satisfy the "in furtherance" element of Count II and that Count II carried a ten year mandatory minimum sentence and (2) failing to appeal despite being asked to do so.

## Analysis

A hearing was conducted on Ives' motion and, after the presentation of evidence, this Court found that, contrary to Ives' claim, he did not request that counsel appeal his sentence. In fact, the Court found that Ives repeated to counsel that he did not wish to appeal.

During the course of the hearing, neither Ives nor his newly appointed counsel made any reference to Ives' claim that the evidence was insufficient to establish that Ives possessed the sawed-off shotgun "in furtherance" of a drug trafficking crime. Nevertheless, in denying Ives' motion, this Court addressed that claim. This Court found that the mandatory minimum sentence had been fully explained to Ives and that the facts set forth in the PSR and to which Ives admitted during the plea colloquy were sufficient to satisfy the "in furtherance" requirement of 18 U.S.C. §924(c)(1)(B)(I). That ruling was based on settled law and on the fact that the shotgun and bags of marijuana were found in Ives's bedroom under a mattress. See, e.g. United States v. Carlos Cruz, 352 F.3d 499, 509 (1st cir. 2003)("'When guns and drugs are found

3

together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed "in furtherance of" an ongoing drug-trafficking crime.'")(citing United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003)).

In order to obtain a certificate of appealability from an order denying a Section 2255 motion, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c)(1)(B) and (c)(2). Here, although Ives had a constitutional right to effective assistance of counsel, he has failed to make a substantial showing that he was deprived of that right.

## Conclusion

For all the foregoing reasons, Ives' Motion for a Certificate of Appealability is denied.

It is so ordered.

By Order

_____
Deputy Clerk

ENTER:

_____
Ernest C. Torres
Sr. U.S. District Judge
Date: 3/2/09